Reed v. Leffingwell.

------

REED, Appellant, v. LEFFINGWELL, Respondent.

1. Where in the case of an appeal from a justice of the peace the appeal bond affords ample security, it is improper to require the appellant to file an additional bond.

*Appeal from Crawford Circuit Court.*

This was a suit originally commenced before a justice of the peace on an account for twenty-two dollars and seventy cents. The defendant filed an offset amounting to twelve dollars. Judgment was rendered by the justice in favor of the defendant for twelve dollars, and costs. The plaintiff took an appeal to the circuit court. At the October term, 1859, of the circuit court an order was made requiring the plaintiff, appellant, to file an additional bond in the sum of two hundred dollars sixty days before the next term of the court. At the April term, 1860, on the third day of term, the plaintiff filed an additional bond, which was approved by the court. On the fourth day of the term the defendant moved the court to strike out said bond and dismiss the appeal, on the ground that the bond was not filed sixty days before the commencement of the term as was required by the order of the court. The court sustained the motion and dismissed the appeal. The plaintiff moved the court to set aside this dismissal and reinstate the cause on the docket. The plaintiff set forth in his motion that he was misled by the attorney of the defendant and induced to believe that

the case would be compromised ; that he used due diligence and filed a bond as soon as he was informed of an order to that effect. This motion was supported by affidavits. In the affidavit of Reed an agreement was set forth purporting to have been executed by the attorney of the defendant, by which it was agreed that this suit should be discontinued, each party paying one-half the costs. The court overruled the motion.

*Edwards & Ewing*, for appellant.

I. The court erred in sustaining the motion of the defendant to dismiss the appeal. (R. C. 1855, p. 975, § 17, p. 441, § 2.) The plaintiff ought to have been permitted to file a new bond. The court erred in rendering judgment against the security in the appeal bond. The bond was entered into to obtain the appeal, and then when the appeal is dismissed it is error to render judgment against the securities. The sureties in a rejected bond are released and discharged from further liability upon the dismissal of the suit for the plaintiff's failure to file a new bond. (Hollinsworth v. Matthews et al., 19 Mo. 406.)

Scott, Judge, delivered the opinion of the court.

The record in this case contains a singular proceeding. It is a great deal better that courts should try causes on their merits than to be disposing of them on grounds which are foreign to the purposes of justice. We can not see why, under the circumstances of this case, a new or additional bond was required. The penalty of the bond was more than six times the amount in controversy. But what are we to think of the dismissal of the appeal for not filing this new bond within the time prescribed by the court, in the teeth of the affidavit of Reed, which shows how he was misled and deceived by the counsel of the defendant ?

Reversed and remanded. The other judges concur.